**LAKESHORE ESTATES RECREATIONAL AREA, INC., a Corporation, Respondent,**

v.

**Katherine C. TURNER et al., Appellants.**

**No. 25741.**

Missouri Court of Appeals, Kansas City District.

April 3, 1972.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 11, 1972.

Application to Transfer Denied July 17, 1972.

Terence C. Porter, John M. Cleaveland, Columbia (Porter & Cleaveland, Columbia, of counsel), for appellants.

Larry M. Woods, Columbia (Sapp, Woods, Dannov & Orr, Columbia, of counsel), for respondent.

DIXON, Judge.

Defendants appeal from a judgment of the trial court declaring a modification of a land use restriction invalid and enjoining defendants from any use of their land inconsistent with the court's decree. The facts are by stipulation of the parties.

Defendant, Katherine C. Turner, is the record owner of the west 125 feet of Lot 2 of a Subdivision of Lot 24 of Lakeshore Estates Subdivision in Columbia, Missouri. Defendant, Southland Corporation, is the holder of a building permit to erect a grocery store on the Katherine C. Turner land; the defendant, Paul A. Medley, Inc., is a contractor engaged in site preparation for the proposed use of the land. The determination of the issues of the appeal as to the defendant Turner will be determinative of the issues as to all defendants, and for simplicity, we will treat the matter as if she were the sole defendant.

Plaintiff, Lakeshore Estates Recreational Area, Inc., is a not-for-profit corporation and claims to own certain lots which are operated as recreational areas for the benefit of the balance of the lot owners. Because of the similarity of the corporate name of this plaintiff and the corporation which developed the land in question, the plaintiff corporation will be referred to as Recreational Area, Inc.

All of the land in the subdivision was developed as a residential area by Lakeshore Estates, Inc. At the time of the original platting and development, a restriction agreement was placed of record by Lakeshore Estates, Inc., the development corporation which then owned all the lots. The pertinent portions of this restrictive agreement are:

"1. No lot shall be used except for residential purposes.

\* \* \* \* \* \*

16. Any of the foregoing agreements or covenants may be abrogated or modified upon the written consent of the owners

of two-thirds (⅔) of the lots in said subdivision.

17. These agreements are to run with the land and shall be binding upon all parties and all persons claiming under them for a period of fifty (50) years from the date these covenants are recorded, after which time said agreements shall be automatically extended for successive periods of ten (10) years, unless an instrument signed by two-thirds (⅔) of the owners of the lots has been recorded agreeing to change said agreements in whole or in part."

On July 6, 1964 Lakeshore Estates, the development corporation, executed a document entitled "Modification of Restrictions," the relevant portion of which states:

"1. No lot shall be used except for residential purposes except for Lot No 24 where any use will be permitted that is now permitted under a C–1 Classification as set out in the Zoning Ordinances of the City of Columbia, Boone County, Missouri."

This will hereafter be referred to as the "first modification."

Prior to the date of the first modification, Lakeshore Estates, the developer, still owned 77 of the total of 111 platted lots and thus over two-thirds of all lots.

The trial court entered a judgment declaring that a justiciable controversy existed and that the modification permitting the *use of defendant Turner's land for purposes other than residential was invalid.* An injunctive order was entered prohibiting the defendants from making any use of the land other than for residential purposes.

■ Defendant, Katherine C. Turner, asserts that the judgment of the trial court is in error by her statement of point in the brief, viz.:

"The Trial Court erred in Declaring Invalid the Modification of Restrictions Executed on July 6, 1964 Permitting Commercial Development of Lot 24 of the Lakeshore Estates Subdivision and Further Erred in Enjoining the Defendants from Constructing a Grocery Store on the Lot."

This assertion of error does not comply with Rule 83.05(e), V.A.M.R. since it does not set forth "briefly and concisely . . . why it is contended the Court was wrong." This is no more than the bare assertion of the trial court action. See Missouri Court of Appeals, 481 S.W. 2d 575, Kansas City District, Varnal v. Kansas City, Missouri and P. W. Halloran, handed down at this term.

This alone is sufficient to dispose of this appeal and the expansion of this "point" in appellant's brief does no more to reach any issue necessary for decision. The cause will be considered on the merits despite that.

■ Undergirding all of appellants' arguments under this point in the brief is the assumption that two-thirds of the lots in the subdivision could release the restrictions as to a single lot. On that assumption, appellants tender arguments about "written consent," "restrictions by implication" and "strict construction of restrictions." Respondent tacitly accepts the assumption by dealing with the issues tendered by the appellants. None of these points need be decided in the present case. The provision for two-thirds of the lots to abrogate or modify the restrictions cannot be exercised to release restrictions as to a single lot. Although not cited by either party, cases have squarely refuted the right to release of a single lot when the restrictions apply to a tract or parcel or block consisting of several lots.

In Hisey v. Eastminster Presbyterian Church, et al., 130 Mo.App. 566, 109 S.W. 60, 62, the defendant church purchased a lot from a developer who, in violation of his covenant to plaintiff to do so, failed to include the use and occupancy restrictions found in plaintiff's deed in the deed to the

church. The church admittedly in violation of the deed restrictions relied on language in plaintiff's deed which provided: " 'It being understood that the covenants and restrictions referred to in this paragraph may be varied by said party of the first part (the developer) as occasion may require.' "

The Court refused to countenance the release of the restrictions as to one lot in this fashion and affirmed the judgment of the trial court restraining the building of the church.

Like results and holdings have occurred in all Missouri cases which have considered the release of a single lot from such restrictions.[1] For an analysis of the distinction between such single lot cases and those where the restriction is eased as to all affected lots, see Steve Vogli & Co. v. Lane, Mo., 405 S.W.2d 885.

■ The authority cited is sound and reasonable. Persons who purchase lots in a subdivision subject to such use and occupancy restrictions do so upon the expectation of a benefit as well as the obvious burden or obligation of compliance. They expect the protection that compliance on the part of the rest of the lot owners affords them and absent their consent, they may not continue to be burdened when others are relieved. The release of that right which they have acquired in the other lots, termed in the old cases, their status as "dominant tenants" as to the other lots may not be altered without their consent or its alteration in such a way as to be uniform as to all of the affected property.

The second and last point in appellants' brief urges that the subsequent "modification" of the restrictions by the owners of the subdivision which reimposed the restrictions on the defendant's land is invalid. The effect of the holding prohibiting

the first modification makes the issue of the validity of the second modification moot.

The judgment is affirmed.

SHANGLER, C. J., and CROSS, J., concur.

PRITCHARD, SWOFFORD and WASSERSTROM, JJ., not participating because not members of court at the time the case was submitted.

1. Strauss v. J. C. Nichols Land Co., 327 Mo. 205, 37 S.W.2d 505. Cowherd Development Co. v. Littick, 361 Mo. 1001, 238 S.W.2d 346, 348.