**Ruth Ann LaBRAYERE, Appellant,**

v.

**Donald Erwin LaBRAYERE, Terry M. Roeder and Rosemary Roeder, his wife, Respondents.**

**No. 47438.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 4, 1984.

Melville A. Ochsner, Clayton, for appellant.

Darryl L. Hicks, Warrenton, for respondents.

JOHN E. PARRISH, Special Judge.

Plaintiff brought this action in three counts. Count I sought to enjoin defendants from violating certain subdivision restrictions and from changing those restrictions. Count II asked for actual and punitive damages from defendants for prior alleged breaches of subdivision restrictions. Count III sought declaratory judgment that three attempted amendments of subdivision restrictions by defendants were invalid.

In accordance with findings of fact and conclusions of law entered by the trial court, plaintiff's request for injunctive relief was denied; plaintiff was awarded nominal damages of one dollar for breach of subdivision restrictions and denied punitive damages; and, the first of three attempts to amend subdivision restrictions declared void, part of the second attempt declared void but the third amendment upheld. Although the record on appeal does not clearly reflect the trial court's action with respect to defendant Rosemary Roeder, it appears that a dismissal was entered as to Rosemary sometime prior to entry of the final judgment from which plaintiff now appeals.

Plaintiff appeals the adverse determinations of all three counts.

Defendants filed their "Motion to Dismiss Appeal Or, In the Alternative, to Order Appellant to File a Correct and Complete 'Legal File.'" Having been submitted with the case, that motion is denied and the case considered on its merits.

We affirm.

Defendants Donald Edwin LaBrayere and Terry M. Roeder (hereafter referred to as developers) purchased certain real estate situate in Warren County, Missouri, June 20, 1978. That real estate was parceled into twelve lots and, upon filing a plat thereof September 21, 1978, became Briar Wood Manor subdivision.

The developers further filed restrictions to which Briar Wood Manor was subject. The portions of those restrictions pertinent to this appeal are:

.        .        .        .        .

"2. No lot shall be resubdivided nor any portion of any lot resold. All lots, if sold, must be sold as originally platted.

.        .        .        .        .

"4. No lot shall be used except for residential purposes. No building, structure, or thing, except an attached garage, shall be erected, altered, placed, or permitted to remain on any lot other than one (1) detached single-family dwelling of the design contained in Paragraph 7 hereof. The dwelling must include an attached 2-car garage or a 2-car basement garage.

.        .        .        .        .

"7. A dwelling of the design:

"a. Commonly referred to or known as a one-story dwelling shall have a first floor area exclusive of that portion encompassed within an attached garage, of not less than 1500 square feet.

"b. Commonly referred to or known as split-foyer shall have an upper level exclusive of that portion encumpassed (sic) within an attached garage, of not less than 1500 square feet.

"c. Commonly referred to or known as split-level shall have a floor area above grade, exclusive of that portion encompassed within an attached garage, of not less than 1500 square feet.

.        .        .        .        .

"14. These restrictions may be changed, modified or amended at any time in the future by written covenant signed and executed by the owners of eight (8) or more of the lots in said Subdivision. The said cove-

nant to be and become effective only upon recording of the same in the office of the Recorder of Deeds of Warren County, Missouri. Such covenant will not require the signature of any holder of a mortgage, deed of trust, or other lien against the respective lots or the improvements thereon."

Plaintiff owns Lots 10 and 11 of Briar Wood Manor. She acquired that property October 3, 1979. Lots 10 and 11 are contiguous. A dwelling, which plaintiff occupies as her residence, is situate on Lot 10.

On August 12, 1980, the developers, then being the owners of more than eight lots in Briar Wood Manor, attempted to remove a portion of the land within Lot 7 of Briar Wood Manor from that subdivision. This was done by executing an instrument designated "First Amendment to Declaration of Covenants, Conditions and Restrictions of 'Briar Wood Manor' in the County of Warren, State of Missouri." That "first amendment" was recorded in the office of Recorder of Deeds of Warren County, Missouri, August 13, 1980, and attempted to "... change, modify and amend said restrictions and said plat as the same pertain to Lot 7 ... by reducing the size of said Lot 7 and excluding the North 1 acre thereof from said subdivision."

On or about that same date the north one acre of what was designated Lot 7 on the recorded plat of Briar Wood Manor was conveyed to Rhonda Roeder, a daughter of one of developers. Rhonda thereafter constructed a house thereon at a cost of $43,000. The house was smaller in size than was permitted by paragraph 7 of the Briar Wood Manor restrictions. The attempt to remove the north one acre from the subdivision was for the purpose of permitting the residence to be constructed without violating restriction number 7.

On March 31, 1981, developers undertook to remove from the subdivision the 1.36 acres of Lot 7 which adjoined the one acre previously conveyed to Rhonda thereby leaving 1.43 acres which developers intended to be Lot 7. That 1.43 acres was later sold by developers.

The attempted removal of the 1.36 acres from Lot 7 was done by executing a "second amendment" to the Briar Wood Manor restrictions. The "second amendment" was filed April 1, 1981, in the Office of Recorder of Deeds of Warren County.

A "third amendment" to the subdivision restrictions was executed by developers July 31, 1981, and filed with the recorder August 3, 1981. The "third amendment" released the entire subdivision from restriction number 2.

Developers were owners of eight lots in Briar Wood Manor when the "second amendment" and "third amendment" were executed and recorded.

Plaintiff alleges error by the trial court in three areas. She contends the court erred with respect to damages. She asserts that actual and punitive damages were required as a result of defendants' attempts (the "first amendment" and the "second amendment") to remove Lot 7 from restriction number two (paragraph 2) and that the court erred by not granting damages in such amounts as were consistent with the testimony plaintiff presented. Plaintiff further asserts error by the trial court's refusal to grant a permanent injunction against amendment of subdivision restrictions by developers. Thirdly, plaintiff asserts error in the dismissal of her causes of action against defendant Rosemary Roeder.

The first and third assertions of error are capable of resolution with limited discussion.

■ The issue of damages is one of fact. Upon review of the testimony at trial we find the determination of the trial court regarding actual damages to be supported by the credible evidence adduced. The trial court's award of nominal damages is neither against the weight of evidence nor the product of an erroneous declaration or application of law. It is supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ Likewise, no error exists in the trial court's failure to award punitive damages. As plaintiff suggests, subdivision restrictions are covenants. *Weiss, et al. v. Leaon, et al.,* 225 S.W.2d 127, 130 (Mo. 1949); *Strauss, et al. v. J.C. Nichols Land Co., et al.,* 37 S.W.2d 505, 508 (Mo.1931). Plaintiff's action is properly framed as one for breach of covenant (the second subdivision restriction, i.e., "paragraph 2"). It is not an action sounding in tort. Punitive damages do not lie. *Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston,* 526 S.W.2d 407, 430 (Mo.App. 1975).

■ Plaintiff's claim of error by the trial court's dismissal of her petition as to defendant Rosemary Roeder also fails. As noted, the record on appeal is unclear as to when this dismissal occurred and by what procedure it resulted. It is apparent that Rosemary was a named defendant in the petition but was no longer a party when the trial court's judgment was rendered. As the reason why that defendant should have judgment rendered against her, plaintiff states only that Rosemary was an owner of the subdivision property and equally liable to the same extent as the other defendants. The record on appeal does not support plaintiff's contention. The evidence presented was that developers were owners of the real estate which became Briar Wood Manor. There is no evidence that Rosemary or anyone other than developers had any ownership interest therein nor that any liability should attach to Rosemary for any of the actions of which plaintiff complains.

The remaining issue presented on appeal is directed at the trial court's conclusion of law holding that developers' "third amendment" of subdivision restrictions was effective in removing the original subdivision restriction prohibiting any lot from being "resubdivided nor any portion of any lot resold" and which required lots, if sold, to be sold "as originally platted." (Paragraph 2 of the original restrictions.)

Plaintiff asserts that the trial court erred by not enjoining developers from removing paragraph 2 of the original restrictions. She asserts that failure to grant the injunction violated her property rights as an owner of property within Briar Wood Manor.

In making this assertion, plaintiff disregards the fact that her property rights as owner of Lots 10 and 11, Briar Wood Manor, are subject to the terms imposed by that subdivision's restrictions.

Paragraph 14 of the restrictions permits the owners of eight or more lots within Briar Wood Manor to change, modify or amend the restrictions of that subdivision. The "third amendment" to the subdivision restrictions removed the prohibition against "resubdividing" or selling parcels of land except "as originally platted." It released *all* of Briar Wood Manor from paragraph 2 of the original restrictions. The "third amendment" complied with applicable procedural requirements. It was executed by owners of at least eight lots (developers) and was recorded by the Recorder of Deeds.

■ As an owner of lots in a subdivision subject to use and occupancy restrictions, plaintiff owned property which both derived benefits and suffered burdens from those restrictions. *Lakeshore Estates Recreational Area, Inc. v. Turner, et al.,* 481 S.W.2d 572, 575 (Mo.App.1972). One of the burdens was that the use and occupancy restrictions which affected plaintiff's lots and the other lots within Briar Wood Manor were subject to change by the owners of less than all the lots.

■ The exercise of the right to change the restrictions by eliminating paragraph 2 was done uniformly with respect to *all* lots within Briar Wood Manor and was accomplished by the owners of the requisite number of subdivision lots as authorized by subdivision restrictions. Plaintiff's property rights which arose as covenants imposed by subdivision restrictions running with the land were not violated by this procedure. *Steve Vogli & Co. v. Lane, et al.,* 405 S.W.2d 885 (Mo.1966); *Lakeshore Estates Recreational Area, Inc. v. Turner, et al., supra.*

The judgment of the trial court is affirmed.

SNYDER, P.J., and STEWART, J., concur.