Jack SANDERSON, et ux., et al.,
Respondents,

v.

HIDDEN VALLEY FISHING CLUB, INC., a Missouri corporation,
Appellant.

No. 52467.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer Denied Jan. 7, 1988.

Application to Transfer Denied Feb. 17, 1988.

William L. Syler, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, for appellant.

Malcolm H. Montgomery, Downs, Johnson & Montgomery, Cape Girardeau, for respondents.

CRIST, Judge.

Appeal by Hidden Valley Fishing Club, Inc. (Club) from an order enjoining Club from enforcing and collecting a special assessment. The assessment applies only to full-time residents of the recreational and residential real estate development (development) governed by Club. The assessment was properly enacted by a vote of the lot owners pursuant to authority set forth in the restrictive covenants governing the development. Respondents are full-time residents of the development. We reverse.

Club is a Missouri not-for-profit corporation operated by a Board of Directors. It owns and manages the common areas in the development including the lakes, roads and park land for the benefit of the lot owners in the development. Individuals are allowed to purchase lots in the development subject to various restrictions, conditions, rules and covenants running with the lots. A purchaser becomes a member of and is entitled to an ownership interest in Club. Individual lot owners comprise the shareholders and members of Club. Voting by lot owners is based upon one vote for each assessed lot.

On September 29, 1977, the restrictive covenants applicable to the development were amended by agreement of all the lot owners. As amended, the covenants provided for future amendments and modification to become effective upon an affirmative vote of only seventy-five percent of the lots present at a meeting of Club held on forty-five days notice. The 1977 covenants also gave Club "the right to assess the owners of each lot, annually, such sums as shall be deemed necessary for the upkeep

and maintenance of the roads, park areas, lakes and other improvements and the management and protection of the property."

The covenants were again amended on November 23, 1983. This amendment reduced the notice and percent approval requirements for future amendments. Only thirty days notice was necessary for a meeting of the lot owners to consider a proposed amendment and only sixty-seven percent of the voting lots, including absentee ballots, rather than the earlier seventy-five percent would be needed to pass an amendment.

In accordance with the 1977 covenant, all lot owners, both full-time and part-time residents, were assessed $140 per year by Club. At the October 6, 1985 meeting of the shareholders and members of Club, the restrictive covenants were amended to add an additional assessment to members who were full-time residents of the development. This amendment increased the assessment for full-time residents by the following amounts: (1) 1986—annual dues plus ten dollars per month; (2) 1987—annual dues plus twenty dollars per month; (3) 1988—annual dues plus thirty dollars per month; and (4) 1989 and subsequent years—annual dues plus forty dollars per month. This amendment was passed by an affirmative vote of at least sixty-seven percent of the lot owners voting at the October 6, 1985 annual meeting of the Club. There was proper notice given to all lot owners that the meeting would be held.

Respondents assert the injunction order was proper because the amendment requiring full-time residents to pay more than part-time residents was not uniform as to all the members of Club. Respondents contend all the members have to agree to an amendment requiring full-time lot owners to pay more than part-time lot owners. We disagree.

■ If the procedures mandated by the covenant are complied with then approval by less than one hundred percent of those affected does not of itself invalidate an amendment. *LaBrayere v. LaBrayere*, 676 S.W.2d 522, 525[4] (Mo.App.1984). The restrictive covenants for Hidden Valley in effect on October 6, 1985, provided for amendments on the vote of sixty-seven percent of lot owners present at the meeting. And, more than sixty-seven percent of the lot owners approved the amendment.

■ Respondents argue the amendment treats some lots, theirs, different than others. This they state conflicts with another section of the covenant which establishes that any amendments "shall be *binding on all* lot owners as if they had been set forth in these restrictive covenants" (emphasis respondents'). Under the October 6, 1985 amendment, full-time residents are required to contribute more to the upkeep of the community than part-time residents. This, however, does not mean their lots are being treated differently. Every lot is subject to the additional assessment should its owner choose to change his status to that of full-time resident. Even if the amendment did not apply uniformly to all lots, it would be allowable as long the distinction would have been proper had it been in the original restrictions. *Steve Vogli & Co. v. Lane*, 405 S.W.2d 885, 888[2] (Mo.1966). An increased assessment for those who use the facilities full-time rather than part-time is reasonable and would have been proper in the original covenant. *See Dierberg v. Wills*, 700 S.W.2d 461, 466 n. 5[8] (Mo.App. 1985).

Once all the lot owners relinquished their right to require one hundred percent acquiescence in an amendment, this right could not be reinstated absent a proper vote by the members. And until such time, only a sixty-seven percent vote is necessary to amend the restrictive covenants. The fairness of the full-time assessment and its effect, requiring five of the one hundred thirty-six members to bear approximately one-third of the maintenance costs of Club, is not before us on this appeal.

Judgment reversed.

DOWD, P.J., and CRANDALL, J., concur.