**Amy NELSON, b/n/f Robert J. Wharton, et al., Appellants,**

v.

**MISSOURI DIVISION OF FAMILY SERVICES, Respondents.**

**No. WD 35739.**

Missouri Court of Appeals, Western District.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 2, 1985.

Application to Transfer Denied April 30, 1985.

John Edward McKay, Kansas City, J.D. Williamson, Independence, for appellants.

John Ashcroft, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondents.

Before TURNAGE, C.J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is a civil action seeking actual and punitive damages upon alleged statutory and common law negligence. This appeal has been taken from a judgment in the form of an order of dismissal. The judgment is affirmed.

Four points are presented, which in summary charge that the trial court erred in (1) failing to acknowledge a civil cause of action under § 210.145, RSMo 1978, (2) barring the cause of action under the public duty rule, (3) failing to acknowledge a cause of action under the common-law rescue doctrine, and (4) barring the cause of action on the basis of sovereign immunity because of expressed consent under § 207.-020.1, RSMo 1978.

Because of the disposition of this appeal, appellants' points are neither reached nor

1. Affirmed 706 F.2d 276 (8th Cir.1983).

ruled. In addition, only a brief summary of the pertinent facts is necessary.

In their brief, appellants generally charge that two "hot line" calls were made to report child abuse. These calls allegedly occurred in November, 1978 and May, 1979. It is alleged that these calls were reports of child abuse perpetrated by the natural mother of the children, along with others. Since this matter was first filed and ultimately disposed of in the United States District Court (Western District-Missouri), a more detailed account of the facts can be found in that case. See *Nelson v. Freeman*, 537 F.Supp. 602 (W.D.Mo.1982).[1]

The following facts are those pertinent to the disposition of this appeal.

On September 24, 1980, appellants filed this claim in the United States District Court, Western District of Missouri. There followed an amended complaint which no longer named the Department of Family Services (respondent herein and hereinafter the D.F.S.), and another individual employee was named as a co-defendant. The D.F.S. was excluded in the amended complaint due to a ruling by the federal court that the D.F.S. was immune from such action in the federal court by virtue of the 11th Amendment to the United States Constitution. The remaining defendants were the Director of the Division of Family Services, the supervisor of Jackson County Child Abuse Hotline caseworkers, and two caseworkers. These defendants were all employees of the D.F.S..

The negligence alleged in both the federal proceeding and the present action was based upon the same circumstances, that is, upon an alleged failure to investigate.

The United States District Court ultimately granted summary judgment to the favor of the remaining defendants. See *Nelson, supra*. The federal proceeding was a diversity of citizenship proceeding, and the federal court concluded that the law of Missouri governed under the rule announced in *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.

1188 (1938), and that the facts did not state a cause of action because the Missouri child abuse statute created only a public duty and not any duty to individuals.

After the federal court had dismissed the federal proceedings against the D.F.S., and on December 16, 1980, appellants initiated this action against the D.F.S. only. On February 2, 1984, the circuit court dismissed appellants' petition. In its dismissal, the circuit court concluded:

It follows that the defendant's motion to dismiss should be SUSTAINED on three grounds:

1. The statute did not create any duty to plaintiffs

2. That issue has already been decided against plaintiffs by the Eighth Circuit Court of appeals in *Nelson vs. Mo. Div. of Fam. Services.*

3. The defendant is shielded by the doctrine of sovereign immunity.

The main issue before this court is whether the doctrine of res judicata prevents appellants from proceeding. The affirmative defense of res judicata was presented by the D.F.S. and has been pursued throughout this proceeding.

■ Traditionally, res judicata (defined as claim preclusion) precludes the same parties or their privies from relitigating the same cause of action. This is to be distinguished from collateral estoppel (defined as issue preclusion) which precludes the same parties or those in privity from relitigating issues which have been previously litigated. *American Polled Hereford v. City of Kansas City*, 626 S.W.2d 237 (Mo.1982).

■ For res judicata to be applicable, there must generally be: (a) identity of the thing sued for, (b) identity of the cause of action, (c) identity of the persons or parties to the action, and (d) an identity of the quality of the person for or against whom the claim is made. It has been held, "The rule stated is, however, general and not exclusive." *Norwood v. Norwood*, 353 Mo. 548, 183 S.W.2d 118, 122 (1944).

■ Res judicata also mandates that a former judgment shall be a bar to the subsequent maintenance of an action involving the same material facts or question and applies not only against parties of record in the former action, but against person or entities in privity with parties to the action. *Varnal v. Kansas City*, 481 S.W.2d 575 (Mo.App.1972). This principle is particulary applicable with respect to governmental bodies or units, their officers, and employees. Thus, it has been held in *Varnal* at 579:

Generally a governmental body and its officers, boards, commissions, agents, and representatives form but a single entity with respect to application of the rule of res judicata, so that the governmental body may be bound by judgments obtained in actions in which its authorized representatives were parties.

In *Varnal*, the court found privity between a city employee and the municipality as employer. The court also noted that there was no showing of any variance between the case against the employee in the federal court and the case in the state court against the municipality which employed the original employee defendant. The court also pointed out that the same material facts or questions were in issue in both cases and that the plaintiffs had their day in court with full opportunity to try their case.

■ The record herein reveals that the present case involves the same parties as plaintiffs in both the federal and state proceedings. The defendants in the federal proceedings were all *sued as employees* of the D.F.S.. The D.F.S. is the defendant in these proceedings. The rule in *Varnal* declares that the D.F.S. herein is in privity with the employee defendants in the former federal proceeding. The same cause of action, negligence, was presented in the federal proceeding as it has been in these proceedings. Stated another way, appellants have asserted the same allegations of negligence against the D.F.S. in these proceedings that they asserted against the employee defendants in the federal proceed-

ings. The federal court previously found that there existed no cause of action under the statute which required investigations of reported child abuse cases under § 210.145, RSMo 1978. If there is no duty to appellants under the statute, it does not matter whether they are suing the employees of an agency or the agency itself, the result is the same. *Varnal, supra.*

While appellants assert the aforementioned points before this court, these points need not be reached or ruled in light of the application of the doctrine of res judicata.

The judgment of dismissal is affirmed.

All concur.