Timothy Joseph CALLAHAN, Appellant,

v.

Erifilie MARSH, Director of Nursing, Missouri State Penitentiary Hospital, Respondent.

No. WD 37990.

Missouri Court of Appeals,
Western District.

Sept. 30, 1986.

Timothy Joseph Callahan, pro se.

William L. Webster, Atty. Gen., John W. Simon, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Timothy Joseph Callahan brought suit against Erifilie Marsh, Director of Nursing, Missouri State Penitentiary Hospital. The court dismissed the petition because Marsh was immune from suit by reason of official immunity.   Callahan contends that

he had a right to be present in court when the court took up the motion to dismiss and that official immunity does not apply. Affirmed.

Callahan was confined to the State Penitentiary in Jefferson City. He was working as an inmate nurse until Marsh terminated his services in October of 1985. About nine days after the termination Marsh filed a conduct violation report on Callahan in which she stated that she had been informed that Callahan had destroyed a typewriter after he was notified of his termination as an inmate nurse. The classification team conducted a hearing on the conduct violation report and dismissed the charge.

Callahan filed a pro se petition in which he alleged that his dismissal as an inmate nurse caused him mental anguish, loss of sleep and subjected him to ridicule among his fellow workers. By a second count he alleged that the filing of the conduct violation report caused him essentially the same damages. The prayer was for nominal actual damages and punitive damages.

The Attorney General filed a motion to dismiss on the grounds that Marsh was immune from suit under the doctrine of official immunity. Callahan filed suggestions in opposition to the motion and later filed a notice calling up the motion for ruling. The court took up the motion without Callahan being present and later sustained the motion.

■ Callahan first contends that he had a constitutional right to be present in court when his motion to dismiss was taken up, and since he was not present the action of the court in dismissing his petition should be reversed. The legal file in this case reveals no petition for *writ of habeas corpus ad testificandum,* so Callahan apparently contends that the court should have issued such a writ *sua sponte.* A prisoner who has brought a civil suit has no absolute right to appear at the proceedings personally. *Demoran v. Witt,* 781 F.2d 155, 158[5, 6] (9th Cir.1986) (as amended). Although a court may, in its discretion, grant a writ of *habeas corpus ad*

*testificandum* in appropriate circumstances, *see Holt v. Pitts,* 619 F.2d 558, 560–62[1–3] (6th Cir.1980), in this case no writ was requested. Furthermore, even if a writ had been requested, the court would not have been likely to grant such a writ for attendance at a hearing on a pretrial motion that had already been fully briefed. The plaintiff's presence is less important at pretrial proceedings than at trial, *id.* at 561, particularly when the pretrial motion is concerned solely with issues of law, as in the present case. Therefore, the state's interest in economy, convenience and security would almost always outweigh the prisoner's interest in arguing such a motion in person. It was neither necessary nor desirable for the court to issue a writ of habeas corpus for Callahan to attend the motion argument.

■ Callahan next contends the court erred in holding Marsh immune from suit by reason of official immunity. The court held in *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 835[6] (Mo. banc 1985), that public officials acting within the scope of their authority are not liable for injury arising from discretionary acts or omissions. The court quoted from *Rustici v. Weidemeyer,* 673 S.W.2d 762, 769 (Mo. banc 1984), in describing a discretionary act as one that involves "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or course pursued."

It is clear that the acts of Marsh met the definition of discretionary acts. Callahan's termination was for failure to do his job. This termination was certainly the result of an act of reason and discretion by Marsh in determining that Callahan had not performed his job and should be fired. The filing of the conduct violation report was in the same vein, because this too required the exercise of reason and discretion in determining that sufficient facts existed to justify a hearing on whether or not Marsh had damaged or destroyed a typewriter. The court correctly found that Marsh was

immune from suit on the grounds of official immunity.

The judgment is affirmed.

All concur.