Edward MUZA, et al., Appellants,

v.

## MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al., Respondents.

### No. WD 40321.

Missouri Court of Appeals,
Western District.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Edward Muza, Seagoville, Tex., appellant pro se.

Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for Missouri Dept. of Social Services, et al.

Brett C. Coonrod, Kansas City, for Robert Sims & Robert Sims Const.

Kenneth Joseph Berra, Kansas City, for Barbara J. Charles.

Joy Wimp Rushing, Independence, for Edward Forrest, Independence Police Dept., et al.

William Frank Ford, Jr., Kansas City, for Medical Center of Independence.

Jeffrey Alan Burns, Kansas City, for King & King Enterprises.

Larry L. McMullen, Kansas City, for Kansas City Eye Bank.

Tracy Smedley, Kansas City, for Mary Barrier.

Russell D. Jacobson, Government Counsel, for John Christensen, Jackson County Juvenile Probation Office, and Jackson County, Missouri.

James Maxwell Yeretsky, Kansas City, for Denise Phillips.

Stephen S. Brown, Kansas City, for David W. Kierst, Com'r.

Before SHANGLER, P.J., and CLARK and FENNER, JJ.

SHANGLER, Presiding Judge.

The plaintiff Muza appeals from a judgment of dismissal entered by the Jackson County Circuit Court on his petition for compensatory and punitive damages against thirty private and public parties under 42 U.S.C. § 1983 (1976) for violation of federally protected rights. The order of dismissal rested on the preclusive effect of an antecedent order of dismissal entered against Muza by the Honorable Scott O. Wright, United States District Court for the Western District of Missouri, on an identical petition for the same relief against the same parties under the same federal enactment. Muza, then a federal prisoner in custody, never appealed the order of dismissal entered by the United States District Court, so that the federal order became a final judgment. Muza litigates this appeal *pro se* and *in forma pauperis*, as was the procedure in both the state and federal trial courts. *See* Rule 77.03, Missouri Rules of Civil Procedure, and 28 U.S.C. § 1915(a) (1976).

The claims for redress the complaint and petition address rest on these allegations of fact: [1]

Jason Jon Muza, six year old son of the plaintiff, was placed in foster care at the direction of the Juvenile Court of Jackson County, Missouri. The plaintiff Muza was then a federal prisoner. The boy was returned to the care of his mother under juvenile court supervision on the recommendation of various officers and employees of the Juvenile Court and the Missouri Department of Social Services. The boy apparently wandered away from the mother one day while she was under the influence of drugs or alcohol and entered a King & King Enterprises store where he was seen removing a tool from a shelf. The owner, the pleadings alleged, threatened Jason and chased him from the store. The boy ran out onto a nearby highway and was struck by a vehicle or vehicles operated by Barbara Charles and Robert Sims. The boy died from his injuries at the Medical Center of Independence. The pleadings alleged that the eyeballs were harvested from the boy by emergency room physicians while he was still alive and was simply allowed to die without treatment. A few months later, the mother of the boy, Barbara Joan Muza, died from a drug overdose or from suicide induced by grief over the loss of the child.

Muza seeks redress against all thirty de-

1. Our resume derives from the voluminous Muza petition and its prototype [the complaint dismissed by the federal court order] and from other sources in the legal file on appeal. We are particularly indebted, as by acknowledg- ment was the circuit court, to the plenary, incisive and conclusive order and memorandum entered by Judge Wright of the United States District Court, Western District of Missouri, in

fendants[2] for the death of both the son Jason and, by then, former wife Muza[3]. The complaint and petition interrelate the liability of the several multiple defendants by this narrative: Jason should not have been returned to the home of the mother by the Juvenile Court authorities since her drug and alcohol abuse and mental instability were known to them, and that both Jason and the mother Barbara would still be alive but for that placement. On that account, the Juvenile Court and its named officers must be held liable for their deaths. Once in the custody of the mother from whence the child wandered into the King & King Enterprises store, the owner of that business should be held liable for the deaths of the boy and mother which resulted when the owner chased Jason out of the store and onto the street where he was struck by the Charles and Sims vehicles. In addition to these principals, the neglect of the City of Independence and the City Council to maintain adequate traffic control which might have saved the life of the boy, and of the Independence Police Department to arrest or charge Charles and Sims for the death of the boy subjects them to liability. The Independence Medical Center, its director and physicians, and the K.C. Eye Bank—the narrative of the petition concludes—also incurred liability for the deception practiced on the mother to obtain the eyeballs of the boy and to allow him to die without treatment, and then for the refusal to return the organs to the father for burial with the body.

These allegations of complaint were assessed in turn, found frivolous as to all the claims so that no defendant remained, and were dismissed by order in the federal court action.[4] The order found that no defendant was amenable to suit for violation of the Civil Rights Act, 42 U.S.C. § 1983 (1976). Judge Wright determined first that the Eleventh Amendment renders a state immune from suits brought in federal courts by its own citizens, and hence the Department of Social Services and Department of Revenue, state agencies, were absolutely immune from that suit. Judge Wright determined next that for a court to

*Muza v. Department of Social Services,* Case No. 86–1194–CV–W–5–P.

2. The petition in the circuit court, as did the complaint in the federal court action, names thirty persons and entities as defendants:
**Missouri Department of Social Services
**John Doe, the Director of the Division of Family Services
**Commissioner David W. Kierst of the Jackson County, Missouri, Juvenile Court
**Karen A. Sinco, social worker for the Missouri Department of Social Services
**Ferguson T. Cunningham, John Christensen and Denise V. Phillips, Deputy Juvenile Officers for the Jackson County Juvenile Court
**Mary L. Barrier, a private attorney
**King & King Enterprises, a private corporation
**John Doe, owner of King & King Enterprises
**Barbara Charles, private citizen
**Robert Sims, private citizen
**Robert Sims Construction Company, a private company
**Medical Center of Independence
**John Doe, Director of the Medical Center of Independence
**John Doe and John Doe, two emergency room physicians at the Medical Center of Independence
**the K.C. Eye Bank, a private organization doing business in the State of Missouri

**the unnamed Director of the K.C. Eye Bank
**the unnamed recipient of eyeballs from the K.C. Eye Bank
**Officer Edward Forrest of the Independence, Missouri, Police Department
**the Independence, Missouri, Police Department
**Independence, Missouri
**the City Council of Independence, Missouri
**John Doe, the Director of Legal Aid at the Jackson County Juvenile Courthouse
**the Metropolitan Bar Association of Kansas City
**the Jackson County Juvenile Probation Office
**Jackson County, Missouri
**the Missouri Department of Revenue
**the State of Missouri

3. We do not address [nor did the federal court order] the standing of Muza to assert the death claims on behalf of either the son Jason or former wife Barbara. We affirm the dismissal of the petition on other grounds.

4. The complaint in the federal court, as was the petition in the circuit court, was prosecuted in forma pauperis. The congressional enactment which authorizes proceedings in forma pauperis in the federal courts [28 U.S.C. § 1915 (1976)] empowers a court to "dismiss the case ... if satisfied that the action is frivolous or malicious." § 1915(d).

have jurisdiction to grant relief under 42 U.S.C. § 1983, the action of the defendant must be under color of state law. The actions of defendants Mary Barrier; Metropolitan Bar Association of Kansas City; King & King Enterprises and its owner; Barbara Charles; Robert Sims; Robert Sims Construction Company; Medical Center of Independence and its director and physicians; Kansas City Eye Bank and its director and the recipient of the two eyeballs from the eye bank—from the very allegations of the complaint—were not under color of state law. The court found that as to them, jurisdiction lacked, declined to proceed, and dismissed them from the cause of action. Judge Wright then determined that as to the defendants who remained—Director of Division of Family Services; Commissioner Kierst; Deputy Juvenile Officers Cunningham, Christenson and Phillips; Social Worker Sinco; Police Officer Forrest; Independence Police Department; Independence City Council; City of Independence; Director of Legal Aid at the Jackson County Juvenile Courthouse; Jackson County Juvenile Probation Office; and Jackson County, Missouri,—the allegations were of negligence at most and, therefore, not actionable under Section 1983. He determined also that, in addition, Commissioner Kierst and the Independence City Council enjoy absolute judicial and legislative immunity, respectively. These defendants were also dissevered and dismissed from the cause of action of the complaint.[5] The order entered by Judge Wright for effect on November 19, 1986, concluded:

> Because no defendants remain against whom plaintiff may state a claim, the above-captioned civil rights complaint must be deemed legally frivolous within the meaning of 28 U.S.C. § 1915(d), and it will be dismissed.

The order of dismissal went unchallenged by Muza and lapsed into a final judgment. Nine days after dismissal Muza attempted "a voluntary withdrawal of complaint." There is no record before us, however, that such a motion was ever before the federal judge or was entered on the docket. We assume that is because under the federal rule voluntary dismissal can only be accomplished as to a pending "action", and not as to one already adjudicated by an order of involuntary dismissal. F.R. Civ.P. 41(a)(1). The order became final on the date of entry, and the time for appeal lapsed after thirty days. F.R.App.P. 4. Thus, the federal court order on the Muza complaint became a final and binding adjudication.

Muza, nevertheless, brought an identical suit in the Circuit Court of Jackson County, Missouri, again under the auspices of 42 U.S.C. § 1983, joined the same defendants, asserted identical grounds of liability, and sought identical redress as in the federal court complaint. The several defendants moved to dismiss on grounds, variously, that the petition did not state a claim for relief and that the order of dismissal of the *in forma pauperis* complaint as frivolous by the federal court constituted a judgment on the merits of the complaint, and hence *res judicata* to the petition in the circuit court. The circuit court sustained the motions to dismiss as to all the defendants on the ground that the "Order of Dismissal by the Federal Court is *res judicata* of this action." The circuit court directed that the dismissal of the petition be with prejudice.

■ Muza perfected a timely appeal to this court from that judgment. The errors and arguments the pro se appellant addresses to the circuit court judgment, however, are not easily identified. Muza seems to argue that the federal court was without jurisdiction to render the order of dismissal, hence the judgment was without *res judicata* effect. And, indeed, a federal judgment rendered without jurisdiction to adjudicate the subject matter is open to collateral attack in a subsequent state court proceeding to give effect to that judgment. *Hayes v. Hatfield,* 758 S.W.2d 470, 472[2] (Mo.App.1988). More specifical-

---

5. The several grounds of dismissal invoked by the federal court order are supported by citation of authority. It is not necessary to the articula-

tion of the rationale or decision our opinion renders to cite them.

ly, Muza argues that the voluntary withdrawal of the complaint in the federal court deprived that judge of subject matter jurisdiction to render a judgment on the civil rights claim, so that the claim was not barred as the basis for the subsequent suit in the state court. That argument, of course, assumes the efficacy of the "voluntary withdrawal" of the complaint nine days after the judgment of dismissal was entered. A voluntary dismissal under the federal practice is an unfettered initiative of a plaintiff and, by the terms of the rule, is without prejudice. F.R.Civ.P. 41(a)(1); *Johnson Chem. Co., Inc. v. Home Care Products*, 823 F.2d 28, 30 (2d Cir.1987). Its operation, however, presupposes that an "action" pends at the time of its exercise. The order of the federal judge had already terminated the "action" nine days before, hence, the "voluntary withdrawal" was a gesture without effect.

▮ Muza insists nevertheless that as certain of the defendants had not been served prior to dismissal under *in forma pauperis* statute, 28 U.S.C. § 1915(d), he was free to voluntarily withdraw his complaint, at least as to those defendants. Involuntary dismissal under the *in forma pauperis* statute, however, may be ordered by the court at any time before or after service of process on all the defendants or before any of the defendants have made answer. *Green v. McKaskle*, 788 F.2d 1116, 1119[1] (5th Cir.1986). It is a power which enables the courts to protect their scarce resources from frivolous civil litigation—especially damage suits—by indigent prisoners. *Jones v. Bales*, 58 F.R.D. 453, 463[22, 23] (N.D.Ga.1972), *aff'd by adopting the district court's rationale*, 480 F.2d 805 (5th Cir.1973). *See also State ex rel. Coats v. Lewis*, 689 S.W.2d 800 (Mo.App. 1985). The dismissal of the federal court petition as *legally frivolous* was an exercise of judicial power § 1915(d) expressly confers and so could not have resulted in a defective judgment—as Muza insistently argues.

▮ The judgment of dismissal entered by the circuit court on the successive petition under 42 U.S.C. § 1983 rests on the *res judicata* effect of the dismissal of an identical complaint in the federal court. "A final judgment on the merits of an action precludes the parties or their privies from the relitigation of issues raised, or that could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed. 2d 103 (1981); *Nelson v. Missouri Div. of Family Services*, 688 S.W.2d 28, 30[1–4] (Mo.App.1985). The principles of *res judicata* and its cognate, collateral estoppel, are applicable to suits brought under 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 104–105[14], 101 S.Ct. 411, 419–420, 66 L.Ed.2d 308 (1980). Muza argues that the federal court dismissal was not an adjudication on the merits, and so does not preclude the state court action.

▮ The order of dismissal entered by Judge Wright on the federal court complaint does not declare itself a judgment on the merits or even a dismissal with prejudice. Under the practice of the federal rules of civil procedure, unless an order of involuntary dismissal specifies it is without prejudice, it operates as a dismissal with prejudice and an adjudication upon the merits. F.R.Civ.P. 41(b); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir.1985). A dismissal with prejudice is a complete adjudication of the issues presented by the pleadings and bars further action between the parties—and suffices to raise the defense of *res judicata* in a subsequent action between the parties. *Glick v. Ballentine Produce, Inc.*, 397 F.2d 590, 593 (8th Cir.1968); F.R.Civ.P. 12(b). The dismissal entered by Judge Wright, however, was not an exercise under the federal rules of civil procedure, but under *in forma pauperis* § 1915(d). That is to say, the procedural device federal rule 41(b) allows, that an involuntary dismissal unspecified as without prejudice operates not only as a dismissal with prejudice but also an adjudication on the merits, does not apply to a dismissal under § 1915(d), unspecified as without prejudice.[6]

---

6. Several among the defendants argue that Rule

67.03 of the Missouri Rules of Civil Procedure is

The purpose of the *in forma pauperis* statute, to protect the court system from the imposition of frivolous or malicious litigation by indigents who are immune from the assessment of costs even though the suit is unsuccessful, entails broader management and dismissal powers than otherwise. *Jones v. Bales,* 58 F.R.D. at 463[22, 23], *aff'd by adopting the district court's rationale,* 480 F.2d 805 (5th Cir. 1973). It grants power to dismiss for the failure to state a claim upon which relief can be granted even where dismissal under the federal rules of civil procedure would be improper. *Boag v. Boies,* 455 F.2d 467, 468–469[3] (9th Cir.1972) *cert. denied,* 408 U.S. 926, 92 S.Ct. 2509, 33 L.Ed.2d 338 (1972); *Johnson v. Baskerville,* 568 F.Supp. 853, 856–858[1] (E.D.Va.1983). *See also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Since the judicial exercise under § 1915(d) to dismiss the complaint as "frivolous or malicious" is not under the constraints of the federal rules of civil procedure—so that an order to dismiss without specification as to prejudice does not operate as under F.R. Civ.P. 41(b)—the question remains whether the adjudication in the federal court that the Muza complaint was "legally frivolous" was rendered on the merits so as to merge the cause of action pleaded in the judgment.

In the traditional statement of the principle, a judgment is on the merits when it determines the rights and liabilities of the parties based on rules of substantive law rather than on rules of procedure. *State ex rel. National Lead Co. v. Smith,* 134 S.W.2d 1061, 1068[13–14] (Mo.App.1940); Restatement of Judgments § 48 & § 49 comment a (1942); 50 C.J.S., Judgments § 627. The terminology "adjudication on the merits" has increasingly given way to the effects of rules, statues and decisions which bar another action by a plaintiff on the same claim although the judgment did not pass directly on its substance. The principle, as reformulated, is rendered in Restatement (Second) of Judgments § 19 (1982):

A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.

*Comment a* to that section explains the rationale for that general rule of bar:

The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of

the counterpart and equivalent of F.R.Civ.P. 41(b) and imparts to an involuntary dismissal, undenominated as to prejudice, the effect not only of a dismissal with prejudice but also of an adjudication on the merits. They reason, accordingly, that since they are equivalent, the effect of the Judge Wright order to dismiss the Muza *in forma pauperis* action, but unspecified as to prejudice, was a dismissal with prejudice which in turn was an adjudication upon the merits and, hence, quite simply *res judicata* to the circuit court petition.

The argument fails in its premises. Federal rule 41(b) does not apply to judicial adjudications under § 1915(d). Contrary to argument, also, Rule 67.03 is not expressed or couched in terms of *res judicata* or *adjudication upon the merits*— as the argument goes. The rule embodies the rationale of *Denny v. Mathieu,* 452 S.W.2d 114 (Mo. banc 1970), rather, that an involuntary dismissal under its terms constitutes a dismissal

with prejudice, unless otherwise specified, and "bars the assertion of the same cause of action or claim against the same party" as a matter of procedural convenience, and not as a matter of *res judicata.* In the expression of *Denny v. Mathieu,* at 118, such a dismissal "simply serves as a mechanism for the termination of litigation" and does not constitute "an adjudication on the merits equivalent in effect to a jury verdict." *See* Committee Note to Rule 67.03. The holding in *Koller v. Ranger Ins. Co.,* 569 S.W.2d 372 (Mo.App.1978) [argued by the defendants] that "since the dismissal was not specified to be without prejudice under Civil Rule 67.03, V.A.M.R., it was with prejudice *and was an adjudication on the merits*" [emphasis supplied] is quite mistaken. It cites to a pre-*Denny v. Mathieu* decision and slights Denny v. Mathieu altogether. The proper scope of Rule 67.03, rather, is delineated in *Dodge v. Jackson,* 635 S.W.2d 46, 48[1] (Mo.App.1982).

opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court.

The general rule stated in this Section requires that *errors underlying a judgment be corrected on appeal or other available proceedings to modify the judgment or to set it aside, and not made the basis for a second action on the same claim.* [emphasis added]

....

To determine the scope of that general rule of bar in a particular jurisdiction [as Restatement (Second) of Judgments § 19, Comment b, (1982), advises], therefore, "it is essential to consult the relevant statutes and rules of court in that jurisdiction." We have already concluded from the federal decisions that neither involuntary dismissal rule 41(b) nor failure to state a claim rule 12(b), F.R.Civ.P. limits or impairs the power of a court under § 1915(d) to dismiss the *in forma pauperis* action as frivolous. The public policy that statute embodies, rather, is paramount to any constraint those rules impose on the involuntary dismissal of a civil action. *Fletcher v. Young,* 222 F.2d 222, 224[2, 3] (4th Cir.1955), *cert. denied,* 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802 (1955); *Green v. McKaskle,* 788 F.2d at 1120. That public policy is amply explained in *McTeague v. Sosnowski,* 617 F.2d 1016 (3rd Cir.1980) at 1019[2]:

When Congress opened the door to *in forma pauperis* petitions, it was concerned that the removal of the cost barrier might result in a tidalwave of frivolous or malicious motions filed by persons who gave no pause before crossing the threshold of the courthouse door. Concerned not only with the court congestion which might result, but also with the financial burden the public would have to bear because of these claims, Congress included in Section 1915 a provision permitting the early dismissal of some claims [citation ommited]. Thus, Section 1915(d) states that 'the court ... may dismiss the case if ... satisfied that the action is frivolous or malicious.'

▋ To give effect to the statutory policy, a court may dismiss with prejudice

an *in forma pauperis* action even before service of process when the complaint is frivolous. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987). A "frivolous action" within § 1915(d) is one "lacking arguable basis in law or in fact." *Pratt v. Sumner,* 807 F.2d 817, 819 (9th Cir.1987). A court may rely on its records and files to determine whether a claim is frivolous. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir.1984). It is evident from the recitation of the order of dismissal that Judge Wright sifted through the statement of the Muza claims with meticulous care to come to the determination defendant by defendant, that "no defendants remain against whom plaintiff may state a claim", and hence, the complaint "must be deemed legally frivolous within the meaning of 28 U.S.C. § 1915(d), and it will dismissed." The claims, determined to "lack arguable basis in law or in fact" were frivolous according to federal authority. *Pratt v. Sumner,* 807 F.2d at 819. Such an adjudication of dismissal under § 1915(d) constitutes an "adjudication on the merits" and bars another action on the same claim. *Warren v. McCall,* 709 F.2d 1183, 1186 (7th Cir.1983).

On principles of *res judicata,* the order of dismissal of the federal court action entered by Judge Wright operates to preclude the state court action if there is identity of cause of action, identity of the thing sued for, identity of the persons or parties to the action, and identity of the quality of the person for or against whom the claim is made. *Nelson v. Missouri Div. of Family Services,* 688 S.W.2d at 30[3]. These congruences are met as to each cause of action and as to each defendant except for the State of Missouri, the Department of Social Services and the Department of Revenue. As to the other twenty-seven defendants, the former adjudication by order of dismissal in the federal court is conclusive between the parties, extinguishes the claims against the defendants, and bars the subsequent action in the circuit court on those claims. Restatement (Second) of Judgments §§ 17, 19 (1982); *Varnal v. Kansas City,* 481 S.W.2d 575, 579[3, 4] (Mo.App. 1972); *Jackson v. Hartford Accident & Indem. Co.,* 484 S.W.2d 315, 321[1–3] (Mo.

1972). As to the twenty-seven defendants, the order of dismissal in the federal court was a "judgment on the merits," and any error was subject to correction by a Muza appeal, and will not be allowed to become the basis of a second action on the same claims.

The claims by Muza against the State of Missouri, the Department of Social Services and the Department of Revenue were dismissed on the ground that the Eleventh Amendment restrains the federal power from hearing suits against an unconsenting state. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 97, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). The dismissal in the federal court, therefore, adjudicates only that the federal court may not exercise its judicial power to hear the claims against the state and its agencies which have not consented to the suit. That adjudication bars Muza as to those defendants in the federal court, but not in the state court. *United States v. Mottolo*, 605 F.Supp. 898, 910[5, 6] (D.N.H.1985); Restatement (Second) of Judgments § 28 comment e; and § 87 (1982). We sustain the judgment of the state court, therefore, that as to the twenty-seven defendants, the order of dismissal of the Muza complaint in the federal court is *res judicata* to the Muza petition in the circuit court.

■ We sustain also the dismissal with prejudice entered by the state court as to the defendants State of Missouri, Department of Social Services and Department of Revenue, but on grounds other than *res judicata*. A state is not a "person" under the Civil Rights Act and may not be sued directly under § 1983. *Aubuchon v. Missouri*, 631 F.2d 581, 582[1, 2] (8th Cir.1980), *cert. denied*, 450 U.S. 915, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). Nor are agencies, such as the Department of Social Services and the Department of Revenue—which are but arms of the state government—any more amenable to suit under that section. *Bennett v. California*, 406 F.2d 36, 39 (9th Cir.1969) *cert. denied* 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969). *See also* S. Nahmod, *Civil Rights and Civil Liberties Litigation* § 6.20 (2d. ed. 1986); *Civil Ac-*

*tions Against State Government* § 10.4 (W. Winborne ed. 1982). The petition in the circuit court was properly dismissed—whatever the expression of ground—and that judgment is affirmed. *J.M. Morris Constr. v. Mid–West Precote Co.*, 613 S.W. 2d 180, 181[1] (Mo.App.1981).

■ Muza asserts other errors against the circuit court judgment of dismissal. He argues that the refusal of the trial court to appoint counsel to assist him as an indigent civil litigant in the prosecution of the § 1983 claims was error. The plaintiff was not entitled as a matter of right either under federal or state decisions to appointed counsel for the civil rights claim brought under § 1983. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir.1985); *State ex rel. Scott v. Roper*, 688 S.W.2d 757, 768[6] (Mo. banc 1985). Such a right exists for an indigent only where the loss of liberty or other cognate interests are at stake in the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158–59, 68 L.Ed.2d 640 (1981); *Fitzpatrick v. Hoehn*, 746 S.W.2d 652, 654[1] (Mo.App.1988).

Muza argues also that he was entitled to the writ of *habeas corpus ad testificandum* so that he could have been presented from the federal penitentiary to the court on the motion to dismiss. Other considerations apart, the record discloses no such request by the plaintiff. Nor, in any event, was the court under any duty to grant such a request. A prisoner has no right to be present at his civil lawsuit. *Callahan v. Marsh*, 717 S.W.2d 260, 261 (Mo.App.1986).

The judgment of the circuit court is affirmed.

All concur.