**Ray Donald PRATT, Plaintiff-Appellant,**

v.

**George SUMNER, Defendant-Appellee.**

**No. 85–1740.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 1, 1986.*

Decided Jan. 6, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 3(f) and Federal Rule of Appellate Procedure 34(a).

Ray Donald Pratt, pro se.

No appearance for defendant-appellee.

Before ALARCON, BOOCHEVER and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Ray Donald Pratt is an inmate at the Nevada State Prison, a maximum security facility in Carson City. He wrote to a number of law professors, including some of the most noted in the nation, requesting they send him copies of legal texts they had authored. Many of the professors did so, and some wrote letters complimenting Pratt on his diligence and interest. The prison maintains a policy of returning all books sent to prisoners—hardcover and softcover—unless they originate directly from a publisher or bookstore. Books sent to Pratt by law professors were returned.

Pratt filed an action against the prison warden, pursuant to 42 U.S.C. § 1983 (1981), claiming that the denial of meaningful access to the courts violated his civil rights. His complaint alleged that Professor James Jeans, author of *Trial Advocacy* (West 1975), sent him a softcover copy of the book, that without notice or hearing the prison returned the book to Jeans pursuant to its "publisher or bookstore only" regulation, that the treatise contained legal advice not otherwise available to Pratt, and that the prison's "publisher or bookstore only" regulation was overly broad. Pratt sought a declaratory judgment that notice and a hearing are required prior to the return of printed materials sent to prisoners, that softcover books pose no greater threat to prison security than lengthy personal correspondence and may not be banned on a "publisher or bookstore only" basis, and that law books should receive preferential treatment, at least while the prison's law library remains deficient. He also sought the cost of the book as damages, the same amount in punitive damages, postage costs for Professor Jeans, and injunctive relief.

The complaint was submitted to a magistrate to determine whether Pratt should be allowed to proceed *in forma pauperis.* 28 U.S.C. § 1915 (1966 & Supp.1986). The magistrate permitted him to do so but concluded that the complaint was "frivolous within the meaning of 28 U.S.C. § 1915(d), in that the court lacks subject matter jurisdiction of the claim." The magistrate stated that federal courts have a very limited role in determining whether prison policy is reasonably related to security interests, citing *Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984), and *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and that a similar policy restricting the receipt of books was upheld in *Guajardo v. Estelle,*

580 F.2d 748, 762 (5th Cir.1978). The district court adopted the recommendations of the magistrate and dismissed the complaint. Pratt appeals. We reverse and remand.

■ A federal district court has original jurisdiction over any legal action to redress the deprivation under color of law of any right, privilege or immunity secured by the Constitution or by any federal equal protection statute. 28 U.S.C. § 1343(3) (West Supp.1986). Ordinarily, federal jurisdiction is not negated by the likelihood that a complaint may fail to state a cause of action, inasmuch as that is grounds for dismissal on the merits and not for lack of jurisdiction. Dismissal for want of jurisdiction may occur, however, where a claim is "wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Independent of this jurisdictional issue, section 1915(d) empowers the district court to dismiss an *in forma pauperis* action that is "frivolous or malicious." 28 U.S.C. § 1915(d) (1966). The conclusion of the district court that Pratt's claim is frivolous thus forms the basis of its dismissal both for want of subject matter jurisdiction and on the merits.

■ In *Franklin v. Murphy,* 745 F.2d 1221, 1225 (9th Cir.1984), we defined a frivolous action under section 1915(d) as "an action lacking arguable basis in law or in fact." We hold that Pratt's claim is not frivolous. Pratt squarely raises a legal issue not previously resolved by the Supreme Court or our circuit. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), is the leading case involving regulations prohibiting receipt of books by incarcerated persons. Wolfish and other pretrial detainees challenged the constitutionality of conditions at a federally operated short-term custodial facility. Among the challenges was one addressed to the facility's "publisher only" rule. The rule limited the books detainees could receive to those mailed directly by publishers and

book clubs. The court of appeals found the rule unconstitutional because it "severely and impermissibly restricts the reading material available to inmates." *Wolfish v. Levi,* 573 F.2d 118, 130 (2d Cir.1978).

Subsequent to the Second Circuit's decision in *Wolfish,* the Bureau of Prisons amended the "publisher only" rule to include bookstores and advised the Court it intended to amend the rule further to permit inmates to receive softcover materials from any source. On these changed facts, the Supreme Court reversed the court of appeals and held that a "publisher and bookstore only" rule limited to hardcover books did not violate the First Amendment, finding the rule to be a reasonable time, place and manner regulation necessary to further significant governmental interests. *Bell v. Wolfish,* 441 U.S. at 550–52, 99 S.Ct. at 1880–81. The Court concluded that hardcover books presented "an obvious security problem," particularly with respect to the smuggling of contraband in the bindings. *Id.* at 550, 99 S.Ct. at 1880. The Court expressly refrained from considering the validity of a rule encompassing *softcover* materials. *Id.* at 550 n. 31, 99 S.Ct. at 1880 n. 31. Here, the policy of the Nevada State Prison applies to softcover materials as well as hardcover books; Pratt thus challenges a policy clearly not considered or addressed in *Wolfish.*

In deciding that the "publisher and bookstore only" policy for hardcover books was a reasonable time, place and manner restriction on First Amendment rights, the Court in *Wolfish* was "influenced by several other factors," including (1) the fact that there were sufficient, unburdensome alternative means of obtaining reading materials, i.e., *softcover* books from any source and a "relatively large" library for inmate use, and (2) the fact that the policy affected only pretrial detainees, whose stays in the institution were limited to approximately 60 days. 441 U.S. at 551–52, 99 S.Ct. at 1880–81. Here, softcover materials do not provide an alternative means for the prisoners

to obtain reading materials, we have no information at this stage of the proceedings as to the adequacy of Nevada State Prison's library, and we must assume that the length of Pratt's felony sentence is well in excess of 60 days.

We note that neither of the Supreme Court cases cited as controlling by the magistrate and adopted by the district court, *Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984), and *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), implicated First Amendment rights or involved a prisoner's claim that he was denied fair access to the courts.[1] The Fifth Circuit case cited by the magistrate, *Guajardo v. Estelle,* 580 F.2d 748 (5th Cir.1978), did uphold a "publisher and bookstore only" policy that applied on its face to both hardcover and softcover books. However, *Guajardo* was decided prior to *Wolfish;* even were we ultimately to conclude that its holding is correct, we could not now label Pratt's claim as frivolous or dismiss it without the benefit of any evidence as to the availability to Pratt of legal assistance or other legal materials. Finally, we note that no case has discussed a prohibition on receipt of books mailed directly from authors. We do not believe that a challenge to such a prohibition is frivolous.

Given that neither the Supreme Court nor this circuit has addressed the constitutionality of a total ban on a felony prisoner's receipt of books, including all softcover legal materials, from sources other than publishers and bookstores, it is clear the district court erred in finding Pratt's complaint frivolous. The district court has jurisdiction to review his claim pursuant to 28 U.S.C. § 1343(3) (West Supp.1986), and may not dismiss it pursuant to 28 U.S.C. § 1915(c) (1966). We therefore reverse and remand for further proceedings.

REVERSED AND REMANDED.

---

1. A recent decision of this circuit, *Toussaint v. McCarthy,* 801 F.2d 1080 (9th Cir.1986), which addresses *inter alia* the right of prisoners to meaningful access to the courts, does not affect our decision here.