848 F.2d 1242
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Donald W. CRISP, Plaintiff-Appellant,
v.
Doctor Taylor FITHIAN, III, as an individual and in his
official capacity as doctor of the Monterey County
Jail, Defendant-Appellee.
 Nos. 87-1638, 87-1680.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1988.*
Decided May 25, 1988.
 Before NELSON, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald W. Crisp appeals from a district court's sua sponte dismissal with prejudice for failure to state a claim of his amended section 1983 complaint against Dr. Taylor Fithian III, a California prison doctor. Crisp sued Fithian for alleged violations of Crisp's fourth and fourteenth amendment rights arising from Fithian's unauthorized procurement of Crisp's medical records. We affirm.
 
 
 3
 We review de novo dismissals for failure to state a claim. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). Actions filed by pro se litigants may be dismissed with prejudice only if it is absolutely clear that the deficiencies in the litigant's complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987) (citation omitted). "While a statement of deficiencies need not provide great detail or require district courts to act as legal advisors to the pro se plaintiff, district courts must at least draft a few sentences explaining the deficiencies." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). Here, the district court wrote a detailed eight-page decision analyzing all the facets of Crisp's action and pointing out the specific areas where his complaint was deficient. Nevertheless, Crisp's amended complaint failed to allege facts which stated a claim of fourth and fourteenth amendment violations under 42 U.S.C. Sec. 1983.
 
 
 4
 A claim under 42 U.S.C. Sec. 1983 is cognizable only if the defendant's conduct deprived the plaintiff of a constitutional right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), cert. denied, 106 S.Ct. 3333 (1986). The defendant's conduct in obtaining Crisp's medical record without consent does not "pose a sufficiently grievous threat" under the fourth or fourteenth amendment to rise to the level of a constitutional violation under either the fourth or fourteenth amendment. See Grummet v. Rushen, 779 F.2d 491, 493-99 (9th Cir.1985) (no violation of prisoner's right to privacy under fourth or fourteenth amendment where prison policy allowed female corrections officers to work in areas where they might view male inmates dressing or being searched because state has the right to restrict prisoner's rights to the extent necessary to further correctional system's legitimate goals, and female prison guards treated the prisoners with respect and dignity).
 
 
 5
 District courts may dismiss sua sponte in forma pauperis actions if "satisfied that the action is frivolous or malicious." 28 U.S.C. Sec. 1915(d). An action is frivolous if it has no basis in law or fact. Pratt v. Sumner, 807 F.2d 817, 819 (9th Cir.1987); Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). "The legal component of the 1915(d) frivolity standard is ... similar to the test for dismissal of pro se complaints for failure to state a claim." Franklin, 745 F.2d at 1227-28 (in forma pauperis complaint must have "arguable substance in law and fact"). Accordingly, the district court did not err by dismissing the action sua sponte.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3