857 F.2d 1477
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Levern DAVIS, Plaintiff-Appellant,
v.
CITY OF TUCSON, Defendant-Appellee.
 No. 87-2261.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1988.*
Decided Aug. 29, 1988.
 Before BRUNETTI, KOZINSKI, and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Levern Davis appeals pro se the district court's order dismissing his complaint and amended complaint for lack of subject matter jurisdiction. We affirm.
 
 
 3
 In September 1983, appellant, a custodian for the City of Tucson (the City), suffered a work-related knee and back injury. In April 1985, the City fired appellant based on a determination that his injury left him physically unable to perform his job. Appellant underwent surgery and received follow-up treatment for his injury. In June 1985 the Industrial Commission of Arizona found appellant partially disabled and awarded him monthly disability benefits.
 
 
 4
 On May 22, 1977 appellant filed a complaint in district court against the City. The complaint alleged (1) that the two doctors who treated appellant following his operation, Dr. Levi and Dr. Bingham, "physically abused" him during examinations and caused him further injury; (2) that his lawyer, Mr. McNamara, provided ineffective assistance of counsel at appellant's disability hearing; and (3) that Peter Baum, the Administrative Law Judge who presided at appellant's disability hearing, improperly denied him access to certain transcripts. The district court, finding that appellant had not alleged violations of any specific constitutional or statutory rights, ordered appellant to amend his complaint to allege a jurisdictional basis for his suit.
 
 
 5
 On June 1, 1987, appellant filed an amended complaint that restated the factual allegations in his original complaint and asserted that these events constituted violations of his constitutional rights under the fourth, fifth and fourteenth amendments. On June 12, 1987 the district court sua sponte dismissed appellant's case for lack of subject matter jurisdiction.
 
 
 6
 A district court may dismiss a complaint sua sponte if the court clearly lacks subject matter jurisdiction. Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th Cir.1981). Although the likelihood that a complaint may fail to state a cause of action does not ordinarily negate federal jurisdiction, Pratt v. Sumner, 807 F.2d 817, 819 (9th Cir.1987), a district court lacks jurisdiction over a claim that is "wholly insubstantial and frivolous," Bell v. Hood, 327 U.S. 678, 682-83 (1946).
 
 
 7
 In determining the existence of subject matter jurisdiction, a court is "not limited to the jurisdiction statutes identified in the complaint." Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1515 (9th Cir.1987). Instead, the court may examine the entire complaint to ascertain whether the complaint reveals any proper basis for assuming jurisdiction. Id.
 
 
 8
 Appellant, in his amended complaint, did not assert a jurisdictional basis for his claims. The district court considered the possibility that it had jurisdiction over appellant's claims based on 42 U.S.C. Sec. 1983, but concluded that such jurisdiction was absent. We conclude that the district court did not err in dismissing this action.
 
 
 9
 As to appellant's claim against the City of Tucson, none of appellant's factual allegations refer to any action taken by the City or indicate that a municipal policy or custom caused the claimed violations of his constitutional rights. Since Section 1983 imposes liability on municipalities for constitutional deprivations resulting from actions taken pursuant to government policy or custom, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988), appellant's claim against the City was frivolous and properly dismissed for lack of jurisdiction.
 
 
 10
 Under Section 1983, appellant's claims against his treating physicians and his lawyer were frivolous because they failed to allege state action. Liability under Section 1983 requires that a defendant act under color of state law. 42 U.S.C. Sec. 1983; Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Private citizens may be deemed to have acted under color of state law where they conspire with state officials. Id. There is no allegation that these private defendants acted in conspiracy with state officials. Appellant has failed to demonstrate the requisite state action under Section 1983 and thus the district court lacked subject matter jurisdiction over those claims.
 
 
 11
 Appellant's claim against the ALJ were also frivolous and properly dismissed by the district court. Where the defense to an action is "complete and obvious from the face of the pleadings", the district court may dismiss a claim as frivolous. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). The defense of judicial immunity is complete and obvious from the allegations against the ALJ. A judge is absolutely immune from damage actions for judicial acts taken within the jurisdiction of his court and loses immunity only when he acts "in the clear absence of all jurisdiction or performs an act outside his 'judicial' capacity." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). See also Stump v. Sparkman, 435 U.S. 349 (1978). The ALJ's ruling regarding the deposition transcripts was clearly an act within the scope of his authority and capacity as an ALJ and thus the district court did not err in dismissing appellant's claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3