66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russell E. NEWMAN, Plaintiff/Appellant,
v.
James ROLAND, Defendant,
and
Charles D. Marshall, Warden, Counselor Dillard; C. Johnson;
and Peetz, Defendants/Appellees.
 No. 93-15116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided July 11, 1995.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Russell E. Newman, a California state prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action, one part on summary judgment and another part as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Newman filed this civil rights suit against ten California Department of Corrections officials in 1990, alleging numerous constitutional violations. He claimed that his conditions of confinement at California State Prison, Corcoran, and at Pelican Bay State Prison constituted a serious threat to his mental health and that certain prison officials were deliberately indifferent to that threat. He claimed that being designated a privilege C inmate denied him the right to practice his religion and adequate exercise. He also claimed that he was arbitrarily designated a privilege C inmate.
 
 
 4
 The district court dismissed plaintiff's claims against Corcoran prison officials because of improper venue and against Peetz, a former Director of Corrections, because respondeat superior is an insufficient basis for imposing liability under Sec. 1983. Although the court ruled that Newman had stated a cognizable claim regarding denial of exercise and denial of his right to practice his religion, it held that Newman failed to show a causal connection between the named defendants and the alleged violations.
 
 
 5
 The district court then directed a prison official to file a Special Report investigating Newman's medical allegations that he was going insane due to prison conditions, and gave the plaintiff leave to respond to that report. After the Special Report and response were filed, Newman amended his complaint, specifically alleging that Correctional Counselor Dillard and Associate Warden Johnson arbitrarily placed him in privilege C category, which deprived him of exercise and religious practice. Newman further alleged that Dillard told Newman to "shut up and get out" when Newman complained about the lack of Islamic religious services and that Johnson told Newman that "maybe your [sic] into the wrong religion because your [sic] at Pelican Bay." Newman further contended that these defendants discriminated against Islamic inmates because they allowed Christian inmates to hold services, have Bible study and have access to a chaplain. Dillard and Johnson were allegedly the cause of the unconstitutional conditions since they failed to correct the problems after hearing Newman's complaints. Finally, Newman alleged that correctional officers retaliated against him for filing this civil rights suit.
 
 
 6
 The district court dismissed Newman's amended complaint with prejudice. In its dismissal, the district court treated two aspects of it differently: one as summary judgment and another as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 7
 * Summary Judgment
 
 
 8
 Even though the district court and the parties did not refer to the court's decision as summary judgment, the record reveals that the court in fact granted summary judgment on Newman's mental health claim. The court ordered a defendant to file a Special Report on Newman's medical care in accordance with the Fed.R.Civ.P. 56 governing summary judgment. The court stated that the purpose of the Report was "to provide the Court with a detailed factual account of this matter, leading potentially to summary disposition of the matter." The district court relied on facts outside the pleading in the Special Report to reach the legal conclusion that the alleged conduct did not constitute deliberate indifference of Newman's mental condition. Where matters outside the pleading are presented, the motion is treated as one for summary judgment. Fed.R.Civ.P. 12(b).
 
 
 9
 Sua sponte summary judgment is only appropriate if the losing party has "reasonable notice that the sufficiency of his or her claim will be in issue." Buckingham v. United States, 998 F.2d 735, 742 (9th Cir.1993). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." Id. (citations omitted). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1985) (summary judgment appropriate only "after adequate time for discovery"). Generally, the district court must give the losing party ten days' notice and an opportunity to present new evidence as required by Fed.R.Civ.P. 56(c). United States v. Grayson, 879 F.2d 620, 625 (9th Cir.1989).
 
 
 10
 Here, the district court did not give Newman reasonable notice of the possibility of summary judgment. It did not explicitly advise Newman that it was contemplating summary judgment, nor that he must come forward with responsive evidence in order to defeat the entry of summary judgment under Fed.R.Civ.P. 56(e). See Celotex, 477 U.S. at 324-26; Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Thus, Newman did not have adequate time or discovery to develop evidence for opposing summary judgment. Because the district court failed to give Newman a full and fair opportunity to present his mental health claim, the order dismissing that claim is reversed.
 
 II
 Frivolous Dismissal
 
 11
 A court may dismiss an in forma pauperis case "if satisfied that the action is frivolous...." 28 U.S.C. Sec. 1915(d). A complaint is frivolous for the purposes of Sec. 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989); Pratt v. Sumner, 807 F.2d 817, 819 (9th Cir.1987). In other words, a complaint is frivolous only if it contains "inarguable legal conclusions" or "fanciful factual allegations." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991) (citation omitted). A complaint is not frivolous unless there is controlling authority requiring a holding that the facts as alleged fail to establish even an arguable claim as a matter of law. Guti v. I.N.S., 908 F.2d 495, 496 (9th Cir.1990). A dismissal pursuant to 28 U.S.C. Sec. 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 12
 In civil rights cases where the plaintiff appears pro se, a court must construe pleadings liberally and afford the plaintiff the benefit of the doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir.1988); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Even if "a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." Neitzke, 490 U.S. at 328. Even "highly improbable or greatly exaggerated" allegations are not frivolous if they are legally arguable. Jackson, 885 F.2d at 641.
 
 
 13
 The district court did not abuse its discretion in dismissing the claims against defendant Peetz. In his original complaint, Newman alleged that defendant Peetz was directly responsible for his subordinates' acts. The district court then advised Newman that respondeat superior is an insufficient basis for imposing Sec. 1983 liability, citing Monell v. New York City Dep't of Social Services, 436 U.S. 658, 663 n. 7 (1978). In his amended complaint, Newman again alleged that defendant Peetz was responsible for the overall procedures of those prisoners in C group. Thus, Newman failed to cure the deficiency from the original complaint because he again alleged that defendant Peetz was liable under a respondeat superior theory. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991), cert. denied, 502 U.S. 1074 (1992); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir.1992) (supervisor cannot be held liable in Sec. 1983 action under a respondeat superior theory). Therefore, it was not an abuse of discretion to dismiss this claim.
 
 
 14
 However, the district court did err in dismissing the claims against defendants Dillard and Johnson under Sec. 1915(d) because Newman's allegations against these defendants have an arguable basis in law and fact. See Neitzke, 490 U.S. at 325. If a prisoner tells a prison official of facts which constitute a constitutional violation and the official does nothing, the official may be found deliberately indifferent. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Newman told Dillard and Johnson of his denial of exercise and religious practice. These allegations are sufficient to state an arguable basis in law and fact against defendants Dillard and Johnson for the denial of religious practice and the denial of exercise, and are thus sufficient to withstand dismissal for frivolousness. See Neitzke, 490 U.S. at 325. The alleged facts pertaining to retaliation, which the district court did not mention in its order, are also arguable in law and, hence, not frivolous. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 15
 We REVERSE the district court's dismissal on summary judgment of Newman's mental health claim. We AFFIRM the district court's dismissal, pursuant to 28 U.S.C. Sec. 1915(d), of Newman's claims against defendant Peetz, but we REVERSE the district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) of Newman's claims concerning retaliation and the denial of religious services and exercise against defendants Dillard and Johnson. We REMAND for further proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3