107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve M. CASTILLO, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden; James Gomez, Director,
Department of Corrections, Defendants-Appellees.
Steve M. CASTILLO, Plaintiff-Appellant,
v.
James GOMEZ, Director, Department of Corrections; Jerry
Stainer, Defendants-Appellees.
 Nos. 96-16452, 96-16455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve M. Castillo, a California state prisoner at Pelican Bay State Prison ("PBSP"), appeals pro se the district court's orders construing his 28 U.S.C. § 2254 habeas petitions as 42 U.S.C. § 1983 complaints and dismissing the complaints with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's dismissal of an in forma pauperis complaint as frivolous,[1] see Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we dismiss.
 
 
 3
 As a preliminary matter, in both appeals Castillo contends that the district court improperly construed his habeas petitions as civil rights actions without providing him opportunities to brief the conversions or to oppose them. We disagree.
 
 
 4
 Because Castillo merely challenged disciplinary procedures which could have, at best, speculative or incidental effects on his sentence, the district court did not abuse its discretion by construing Castillo's habeas corpus petitions as section 1983 civil rights complaints. See Sisk v. CSO Branch, 974 F.2d 116, 117-18 (9th Cir.1992); see also Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam) (holding that a habeas petition presenting claims cognizable under section 1983 should be construed as a section 1983 action).
 
 
 5
 In No. 96-16455, Castillo challenged defendants' failure to promulgate prison regulations which apply to the general prison population. We agree with the district court that, because he is not in the general prison population, Castillo lacks standing. Accordingly, the claim is "frivolous within the meaning of [section] 1915(d) in that the court lacks subject matter jurisdiction." See Pratt v. Sumner, 807 F.2d 817, 819 (9th Cir.1987); Denton, 504 U.S. at 33.
 
 
 6
 In No. 96-16452, Castillo challenged defendants' failure to promulgate the debriefing policy in accordance with the California Administrative Procedures Act, Cal. Gov't Code § 11340 et seq. (West 1997). We agree with the district court that, because the state court resolved this claim on the merits, it is barred by res judicata. See Silverton v. Department of Treasury, 644 F.2d 1341, 1347 (9th Cir.1981). We note that the district court properly found Castillo, acting as a jailhouse lawyer, to be in privity with the state-court petitioner. See State Farm Mutual Automobile Ins. Co. v. Davis, 7 F.3d 180, 183 (9th Cir.1993) (citing Clemmer v. Hartford Ins. Co., 587 P.2d 1098, 1102 (1978) (in bank)). We also agree with the district court that Castillo's claim that he has a liberty interest in the promulgation of a prison regulation fails as a matter of law. See Sandin v. Conner, 115 S.Ct. 2293, 2300-02 (1995); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995) (per curiam).
 
 
 7
 We conclude that the district court was not required to give Castillo notice and opportunities to amend his complaints. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (holding that a pro se litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Accordingly, the district court did not abuse its discretion by dismissing Castillo's complaints as frivolous. See Denton, 504 U.S. at 33.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Castillo's complaints pursuant to 28 U.S.C. § 1915(d). This section was redesignated section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996). The portion allowing for dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)