113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William SCHENCK, Plaintiff-Appellant,
v.
Tana WOOD; Tom Rolfs; Chase Riveland; Evonne Edwards; D.
Potts; Russell; Al Scamahorn; Warneka, Sgt.,
Defendant-Appellees.
 No. 9635235.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 16, 1997.
 
 Before: LAY,** BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 William Schenck appeals the district court's grant of summary judgment in favor of defendants, various Washington State Penitentiary ("WSP") officials. Schenck, an inmate at the time he filed this action, brought suit under 42 U.S.C. § 1983 challenging the constitutionality of various prison regulations and practices. Schenck's appeal relates only to the constitutionality of WSP's "publishers only" rule as it applies to "soft-cover legal reference materials."
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 4
 * The facts in this matter are generally undisputed. In July 1994, while serving a five-year sentence at WSP, Schenck ordered and received a copy of a legal manual entitled Recommended Procedures for Handling Prison Civil Rights in Federal Courts ("Civil Rights manual" or "manual") from the Federal Judicial Center. This manual was unavailable in the WSP library, and, according to Schenck, WSP officials did not object to his possessing the manual.
 
 
 5
 Schenck later attempted to furnish fellow inmate Joe Macom with a copy of the Civil Rights manual. Schenck sent the manual to Macom's mother to be photocopied, thereby avoiding the expense of photocopying at WSP. Both Schenck and Macom allegedly obtained permission from prison officials to have Macom's mother copy the manual and return it to Schenck by mail, with a duplicate to be sent to Macom. She did so. Upon the arrival of these materials, WSP officials provided Macom with his copy, but confiscated and destroyed Schenck's original. WSP officials justified their action under Department of Corrections Policy 450.100, the "publishers only" rule. Policy 450.100 reads: "delivery of mail to an inmate will be refused when such mail is a magazine, book, or newspaper not mailed directly by the publisher or retailer."
 
 II
 
 6
 Schenck's claim for injunctive relief is moot. He was released from the custody of the Washington State Department of Corrections on or about June 6, 1996 and is thus no longer subject to Washington's "publishers only" rule. Generally, an inmate's release from prison will moot any pending claims for injunctive relief unless the suit has been certified as a class action. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995) (citations omitted). Schenck's claim has not been certified as a class action, and he does not qualify for any recognized exception to the mootness doctrine.
 
 III
 
 7
 Schenck's claim for damages fails because the WSP defendants are entitled to qualified immunity. The doctrine of qualified immunity protects government officials from liability for money damages in actions arising out of the performance of their discretionary functions. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An official is entitled to qualified immunity if: (1) the law governing the official's conduct was not clearly established or (2) a reasonable official could have believed the conduct at issue was lawful. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 8
 Schenck cannot show that in 1994 he had a "clearly established" statutory or constitutional right to receive "soft-cover legal reference materials" from any source. In Bell v. Wolfish, 441 U.S. 520, 550-51 (1979), the Supreme Court upheld a "publishers only" rule that applied exclusively to hardback books. The Bell Court held the regulation valid, against a First Amendment challenge, on the grounds that the "publishers only" rule deterred attempts to smuggle contraband in book bindings and thus furthered the government's legitimate security interest. Id.[1] The constitutionality of a "publishers only" rule that applies to soft-cover materials is less clear. See Johnson v. Moore, 948 F.2d 517, 520-21 (9th Cir.1991); see also Pratt v. Sumner, 807 F.2d 817, 820 (9th Cir.1987). To date, however, no court has held such a ban unconstitutional. Because the unlawfulness of defendants' conduct in denying Schenck's access to his "soft-cover legal reference material" was not apparent in light of the preexisting law, defendants are entitled to qualified immunity. See Johnson, 948 F.2d at 520-21; see, e.g., Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir.1996).
 
 IV
 
 9
 Schenck's estoppel argument fails as well. He argues that even if WSP's "publishers only" rule is constitutional, the defendants are estopped from enforcing the rule against him because WSP effectively agreed to waive the "publishers only" rule by allowing him to mail his manual. Aside from our concerns with mootness and qualified immunity noted above, Schenck's estoppel claim fails because he never raised this issue before the district court, a fact he concedes. Generally, this court will not consider issues raised for the first time on appeal. See Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir.1993). Schenck's claim does not fall within the recognized exception to the waiver doctrine that allows for consideration of purely legal questions. Anderson v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987). Although most facts surrounding this case are undisputed, several issues relating to the consent of Schenck's counselor and other prison officials to waive the "publishers only" rule remain contested. See Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985). We decline to address Schenck's estoppel argument on appeal.
 
 
 10
 Schenck's claim for costs and fees is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Courts allow inmates to receive materials from publishers and bookstores directly due to the diminished risk that these providers will engage in smuggling contraband. See, e.g., Bell, 441 U.S. at 549